# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AZIZ SALAAM : CIVIL ACTION
:
v. :
:
P/O TRAVIS WOLFE, et al. : NO. 14-CV-2055

## MEMORANDUM AND ORDER

Ditter, J. September 26, 2018

Defendant City of Philadelphia has filed a motion to dismiss for failure to state a claim. For the reasons set forth below I will grant Defendant's motion.

## FACTUAL AND LEGAL BACKGROUND

In the early morning of June 5, 2012, Salaam was involved in a minor vehicle accident on the 1000 block of Norris Street in North Philadelphia. The accident caused the airbags in his vehicle to deploy. Salaam believed that he heard a gunshot and feared for his life. Because his vision was impaired due to the deployment of the airbags, Salaam fired a round of ten "warning" gunshots into the air, emptying his magazine. Salaam then re-entered his vehicle and ducked down below the windshield. He reversed his vehicle for a few feet before the car stalled and shut off. He then entered a nearby alley, believing he was being pursued by someone who wished to harm him. He walked through a series of alleys and decided to return to his vehicle. When he was approaching Norris Street, he heard someone yell at him to stop moving. Salaam complied and raised his hands in the air. While his hands were raised Defendants, Police Officers Wolfe and Delagol discharged their firearms, striking Salaam in his lower body. Salaam fell to the ground and the officers continued to shoot. The officers shot Salaam a total of seven times.

Plaintiff filed an action against Officers Wolfe and Delagol and the City of Philadelphia. The instant motion to dismiss has been filed by the City of Philadelphia only. Salaam asserts that the City of Philadelphia violated his civil rights pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution.

**ANALYSIS**

In order to survive a motion to dismiss, a complaint must allege factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating whether a complaint adequately states a claim, courts apply the principle that threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. Therefore, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's bald assertions or legal conclusions. *Id*. A local government may be liable under § 1983 when the execution of its policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978). Municipal liability may also be found if there has been a failure to train that leads to an injury.

There is no liability under § 1983 based on the theory of *respondeat superior*. *Id*. To establish liability under *Monell*, Salaam must show how being shot can be attributed to the City of Philadelphia. *Losch v. Borough of Parkesburg*, 736 F.2d 903,910 (3d Cir. 1984). Here, all Salaam has done is argue that because he was shot by two policemen employed by the City of Philadelphia, there must have been a policy, custom, or failure to train. Logically this does not follow. It is equally logical to infer that the officers ignored a policy, custom, and training when they shot Salaam.

It is well established that citing a single incident is not enough to establish municipal liability.

Salaam failed to plead with specificity any facts that support municipal liability of the City of Philadelphia. Therefore, IT IS HEREBY ORDERED that that the defendant's motion to dismiss (Dkt. # 23) is GRANTED, and the complaint is DISMISSED as to Defendant City of Philadelphia only, without prejudice.

IT IS FURTHER ORDERED that the plaintiff shall have 20 days from the date of this order to file an amended complaint that sets forth, **with specificity**, from what policy or custom of the City of Philadelphia can it be inferred that it or they brought about plaintiff's being shot, or how it can be inferred that there was a failure to train.

                                      **BY THE COURT:**

                                      *s/J. William Ditter, Jr.*
                                      **J. WILLIAM DITTER, JR., J.**